## Shaeffer License

*Herman L. Weary*, for Commonwealth.

*Joseph J. McIntosh* and *Albert D. Stuart*, for appellant.

JACOBS, J., January 20, 1961:

### Findings of Fact

1. In January or February 1959, appellant deposited the title to a 1941 Oldsmobile with Yankee's Auto Sales to secure payment of repairs made to said automobile.

2. In the latter part of July 1959, or the first part of August 1959, appellant attempted to junk said automobile.

3. In the latter part of July 1959, Yankee's Auto Sales asked appellant to pay the repair bill and threatened to repossess the automobile if appellant did not pay the bill.

4. Appellant was informed by the junk dealer that he was required to have a title to the automobile in order to junk it.

5. On August 4, 1959, appellant applied to the Department of Revenue, Commonwealth, for a duplicate certificate of title to the automobile, stating that he had lost the original title registration, when, in fact, said title registration had been delivered to Yankee's Auto Sales, Middletown.

6. Appellant was charged before J. L. Grimes, a magistrate in the City of Harrisburg, with violating section 624, subsec. 8 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §624(8).

7. Said section of The Vehicle Code makes it unlawful for any person "To . . . make a false statement, or conceal a material fact, or otherwise commit a fraud in any application."

8. Upon notice from the magistrate, appellant paid a fine of $100 and the costs of the case.

9. Appellant knew that the statement contained in his application for a duplicate title was false when he made it.

10. After hearing before the Bureau of Highway Safety, Department of Revenue, the Secretary of Revenue suspended the operator's license of appellant for a period of two months for said violation of section 624(8) of The Vehicle Code of April 29, 1959, as amended.

11. Appellant is employed by the Bethlehem Steel Corporation in Steelton, as an observer for the Metallurgic Department and uses his automobile to drive to and from work.

## Conclusions of Law

1. Appellant was guilty of making a false statement in his application for a duplicate certificate of title in violation of section 624(8) of The Vehicle Code.

2. The Secretary of Revenue had the authority, after hearing, to suspend the license of appellant for violating a law relating to vehicles, 75 PS §618.

3. No sufficient reason has been presented to the court which would justify disturbing the decision of the Secretary of Revenue.

*Order of Court*

And now, January 20, 1961, at 10:40 a.m., the appeal in this case is dismissed and the order of the Secretary of Revenue suspending the operator's license of appellant for a period of two months is affirmed. Costs to be paid by appellant.